IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANE R. HARVEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN W. KERESTES, *et al.* | : | NO.  15-4818 |

MEMORANDUM

RESTREPO, J.                                                                                            SEPTEMBER 9, 2015

      Petitioner, Deane R. Harvey, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Petitioner is incarcerated at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Mahanoy").  *See* Hab. Pet. 1.

      Title 28 U.S.C. § 2241(d) provides in pertinent part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

Thus, a habeas petition may be filed in either the district of confinement or the district of conviction.  *See Gellock v. Freeman*, 1987 WL 7208, *1 (E.D. Pa. 1987).

      Here, the habeas petition challenges a conviction and sentence imposed in the Court of Common Pleas of Monroe County, Pennsylvania,[1] which is located in the Middle

---

1. Petitioner states that he pled guilty, was convicted of "Arson - Danger of Death or Bodily Injury" on Sept. 4, 2002, and he was sentenced on Dec. 13, 2002 to 15 to 40 years in prison.  *See* Hab. Pet. ¶¶ 1-6.

District of Pennsylvania, *see* 28 U.S.C. § 118(b) (identifying the counties that make up the Middle District, including Monroe County).  Furthermore, petitioner is incarcerated at SCI-Mahanoy, which is also located in the Middle District of Pennsylvania, *see Nation of Islam v. Pa. Dept. Of Corrections*, 2012 WL 529546, *1 (W.D. Pa. Feb. 1, 2012) (observing that SCI-Mahanoy is located within the territorial limits of the Middle District), *adopted by*, 2012 WL 529238 (W.D. Pa. Feb. 17, 2012).  Since petitioner was neither convicted in nor is he incarcerated in the Eastern District of Pennsylvania,[2] petitioner improperly filed his petition in this Court.  *See Oliverio v. Mazurkiewicz*, 1986 WL 10667, *1 (E.D. Pa. 1986).

Where a petitioner fails to file a habeas petition in the proper federal district court, the Court may, in the interest of justice, transfer the petition to a district which has jurisdiction over the petition.  *See id.*  Here, since the Middle District of Pennsylvania is the district of conviction and confinement, that is where petitioner should have filed his petition, pursuant to 28 U.S.C. § 2241(d).  Accordingly, because petitioner is proceeding *pro se* and in order to avoid the delay that would be caused by dismissal of the petition, the petition is transferred in the interest of justice to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).[3]  *See, e.g, Silfies v. Oelbalso*, 2014 WL 7355038, *1-2 (M.D. Pa. Dec. 19, 2014) (transferring habeas petition, pursuant to § 1404(a), to the District of conviction).

An appropriate Order follows.

---

2. The Eastern District comprises the counties of Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia.  28 U.S.C. § 118(a).

3. Section 1404(a) of Title 28 grants district courts discretion to transfer cases, "in the interest of justice," to a district where the case might have been brought.  *See* 28 U.S.C. § 1404(a).